UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMERICAN ACADEMY OF IMPLANT DENTISTRY, a Minnesota corporation,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN DENTAL IMPLANT ASSOCIATION, a Florida limited liability company,<br><br>Defendant. | No. 12 C 2935<br>Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

Plaintiff American Academy of Implant Dentistry, a Minnesota Corporation with its principal place of business in Illinois, has brought this action against Defendant American Dental Implant Association, a Florida limited liability company with its principal place of business in Florida for, *inter alia*, federal trademark infringement and unfair competition. Defendant now moves to dismiss pursuant to Fed.R.Civ.P. 12(b)(2) and 12(b)(3) for lack of personal jurisdiction and improper venue, or, in the alternative, moves to transfer venue to the Southern District of Florida, pursuant to 28 U.S.C. § 1404(a). For the following reasons, Defendant's motion to transfer venue is granted. Defendant's motion to dismiss is therefore denied as moot.

### BACKGROUND

Plaintiff American Academy of Implant Dentistry ("AAID") is in the business of promoting the science and practice of implant dentistry through education, research support and as a credentialing organization throughout the United States and worldwide. Plaintiff owns a

1

U.S. trademark for the company's name, acronym and design mark. Plaintiff asserts that another company, Defendant American Dental Implant Association ("ADIA") has been infringing on Plaintiff's trademark with a similar name, acronym and logo since at least early 2010. Currently before me is Defendant's motion to dismiss for lack of personal jurisdiction, or, in the alternative to transfer venue to the Southern District of Florida.

## DISCUSSION

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Section 1404(a) gives discretion to the district court to adjudicate motions for transfer according to "individualized, case-by-case consideration of convenience and fairness." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir.1986). The parties do not dispute that Defendant is subject to personal jurisdiction in the Southern District of Florida and that the Southern District of Florida is a district where this action "might have been brought."

With respect to the convenience of the parties and witnesses, when deciding a motion to transfer a court must consider: "(1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience of the parties of litigating in the respective forums." *S.C. Johnson & Son, Inc. v. Buzz Off Insect Shield, LLC*, 2005 WL 1838512, *2 (N.D. Ill. July 28, 2005).

The plaintiff's choice of forum generally is given substantial weight when it is the district in which the plaintiff resides. However, where, as here, "the cause of action did not conclusively arise in the chosen forum," the plaintiff's choice is given less weight. *Bajer Design & Marketing, Inc. v. Whitney Design, Inc.*, 2009 WL 1849813, *2 (June 26, 2009 N.D.Ill.); *Robinson v. Town of Madison*, 752 F. Supp. 842, 847 (N.D.Ill. 1990) ("if the chosen forum is not

2

exclusively the place where the cause of action arose, the plaintiff's choice of forum is only given consideration equal to other factors, including the interests of justice").

The cause of action in this case did not arise in Illinois. Defendant maintains no office or employees in Illinois, and all of the decisions that led to the development of the allegedly infringing name and logo were made in Florida. Intellectual property infringement is generally understood to "take place" in the state of the infringing sales, rather than in the trademark owner's home state. *See Berthold Types Ltd. v. European Mikrograf Corp.*, 102 F.Supp.2d 928, 932 (2000). From that perspective, and given that Plaintiff is in the business of promoting the practice of implant dentistry "throughout the United States," there is nothing peculiar about Illinois with respect to where the alleged infringement of Plaintiff's trademark has taken place.

Indeed, "[c]ourts assessing whether to transfer intellectual property cases like this one often focus on the activities of the alleged infringer, its employees, and its documents; therefore, the location of the infringer's place of business is often the critical and controlling consideration." *See S.C. Johnson & Son*, 2005 WL 1838512 at *2. Given this focus on the activities of the alleged infringer, and given that the focal point for the allegedly infringing activity in this case – as well as the actors, witnesses and documents related to that activity – is squarely in Florida, the remaining "convenience" factors weigh in favor of transfer.[1]

The interests of justice consideration focuses on the efficient administration of the court system, as opposed to the private interests of the litigants. Access to witnesses and documents

---

[1] Plaintiff asserts that Defendant cannot "plausibly argue that it would be unreasonably inconvenienced to travel to Illinois to face a lawsuit that originated out of Defendant's actions on previous trips to Illinois that were made voluntarily and for significant financial gain." This lawsuit, however, did not "originate" out of Defendant's "actions" on any previous trips to Illinois. Indeed, it is not clear to what extent Defendant has made any "trips" into Illinois at all, and to the extent there are Illinois contacts here, the lawsuit hardly originated out of them. To be sure, there is the placement of Defendant's name and trademark on mailers sent out by another company, Implant Seminars, that were clearly meant for Illinois readers. But while this "entrance" into Illinois might possibly have been sufficient to assert personal jurisdiction over Defendant in Illinois, it is not a meaningful counter to Defendant's assertion (and my finding) that an overall assessment of the convenience of the parties merits transferring this case to Florida. See note 2, infra, and accompanying text.

3

and the fact that, if the injunctive relief Plaintiff seeks is granted, enforcement would primarily take place in Florida, all favor transfer of this case to Florida in the interests of justice. Indeed, Defendant's ties to Illinois are slight,[2] and while it is possible that this Court could maintain personal jurisdiction over Defendant, it is by no means assured.

## CONCLUSION

For the foregoing reasons, Defendant's motion to transfer venue to the Southern District of Florida is granted. Defendant's motion to dismiss is accordingly denied as moot.

ENTER:

James B. Zagel
United States District Judge

DATE: January 22, 2013

---

[2] Defendant has no permanent physical presence in Illinois. To the extent Defendant has entered Illinois, it is in connection with Implant Seminars ("IS"), a company that conducts continuing education classes in the field of implant dentistry throughout the country, including in Illinois. Although IS shares a Florida address with Defendant, and shares as well Dr. Arun Garg, who is president of Defendant and a regular speaker at IS classes, the two companies are separate legal entities. Plaintiff urges that IS is Defendant's agent, and personal jurisdiction may thus be asserted over Defendant by virtue of IS's regular contacts in Illinois. Ultimately, however, I am not persuaded that IS's function is to transact business for Defendant, or carry out Defendant's affairs. *See Lang v. Consumers Ins. Service, Inc.*, 222 Ill.App.3d 226, 232 (2nd Dist. 1991).

If Defendant has entered Illinois, it is on the relatively strained basis of IS mailers that note that the test for fellowship membership in the ADIA may be taken at certain IS classes. Because I find that transfer of this case is warranted, however, I need not reach whether these contacts are sufficient to establish personal jurisdiction in Illinois.